IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

STEVE MARTIN, #11136-078 §

VS. § CIVIL ACTION NO. 4:09cv275
CRIM. ACTION NO. 4:04cr103(6)

UNITED STATES OF AMERICA §

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Movant Steve Martin, a federal prisoner proceeding *pro se*, filed the above-styled and numbered motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. The motion was referred for findings of fact, conclusions of law and recommendations for the disposition of the case.

Background

On December 9, 2004, a jury found Movant guilty of the offenses of conspiracy with intent to manufacture, distribute, possess, or dispense gamma hydroxy butyrate (GHB), methamphetamine, or marijuana, and being a felon in possession of a firearm, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 922(g)(1), respectively. On June 14, 2005, the Court sentenced him to 190 months' imprisonment – 190 months on Count 1 and 120 months on Count 2, to be served concurrently. On August 6, 2008, the United States Court of Appeals for the Fifth Circuit affirmed his conviction and sentence. *United States v. Clark*, 289 Fed. Appx. 44 (5th Cir. 2008).

In the present § 2255 motion, Movant asserts he is entitled to relief based on numerous

claims of ineffective assistance of counsel. He also claims that he is entitled to relief based on prosecutorial misconduct. The Government filed a Response, asserting that Movant's issues are without merit. Movant did not file a Reply.

### Federal Habeas Corpus Relief

As a preliminary matter, it should be noted that a § 2255 motion is "fundamentally different from a direct appeal." *United States v. Drobny*, 955 F.2d 990, 994 (5th Cir. 1992). A movant in a § 2255 proceeding may not bring a broad based attack challenging the legality of the conviction. The range of claims that may be raised in a § 2255 proceeding is narrow. A "distinction must be drawn between constitutional or jurisdictional errors on the one hand, and mere errors of law on the other." *United States v. Pierce*, 959 F.2d 1297, 1300-1301 (5th Cir. 1992) (*citations omitted*). A collateral attack is limited to alleging errors of "constitutional or jurisdictional magnitude." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991).

### Ineffective Assistance of Counsel at Trial

Movant presents numerous issues asserting he is entitled relief due to the ineffectiveness of his trial counsel.

Legal Standard

A movant who seeks to overturn his conviction on the grounds of ineffective assistance of counsel must prove his entitlement to relief by a preponderance of the evidence. *James v. Cain*, 56 F.3d 662, 667 (5th Cir. 1995). In order to succeed on a claim of ineffective assistance of counsel, a movant must show that "counsel's representation fell below an objective standard of reasonableness," with reasonableness judged under professional norms prevailing at the time counsel rendered assistance. *Strickland v. Washington*, 466 U.S. 668, 688, 104 S. Ct. 2052, 2065, 80 L.

Ed.2d 864 (1984). The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. 466 U.S. at 690, 104 S. Ct. at 2066. The right to counsel does not require errorless counsel; instead, a criminal defendant is entitled to reasonably effective assistance. *Boyd v. Estelle*, 661 F.2d 388, 389 (5th Cir. 1981). *See also Rubio v. Estelle*, 689 F.2d 533, 535 (5th Cir. 1982); *Murray v. Maggio*, 736 F.2d 279 (5th Cir. 1984). Secondly, the movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. Movant must "affirmatively prove," not just allege, prejudice. *Id.*, 466 U.S. at 693, 104 S. Ct. at 2067. If he fails to prove the prejudice component, the court need not address the question of counsel's performance. *Id.*, 466 U.S. at 697, 104 S. Ct. 2052.

Failure to Call Certain Witnesses to Testify

Movant complains that counsel was ineffective for not calling certain witnesses to testify. [C]omplaints of uncalled witnesses are not favored, because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have testified are largely speculative." *Buckelew v. United States*, 575 F.2d 515, 521 (5th Cir.1978). Further, the presentation of witness testimony is essentially strategy and, thus, within the trial counsel's domain. *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir.1985). A petitioner must overcome a strong presumption that his counsel's decision in not calling a particular witness was a strategic one. *Murray v. Maggio, Jr.*, 736 F.2d 279, 282 (5th Cir. 1984). Where "the only evidence of a missing witness's testimony is from the defendant," claims of ineffective assistance are viewed with great caution. *United States v. Cockrell*, 720 F.2d 1423, 1427 (5th Cir.1983), *cert. denied*, 467 U.S. 1251, 104 S. Ct. 3534, 82

L. Ed.2d 839 (1984). Moreover, to succeed on the claim, Petitioner must have shown that had counsel investigated, he would have found witnesses to support the defense, that such witnesses were available, and had counsel located and called these witnesses, their testimony would have been favorable and they would have been willing to testify on Petitioner's behalf. *Alexander*, 775 F.2d at 602; *Gomez v. McKaskle*, 734 F.2d 1107, 1109-10 (5th Cir. 1984), *cert. den.*, 469 U.S. 1041 (1984). Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *United States v. Woods*, 870 F.2d 285, 288 (5th Cir. 1989); *Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982).

Here, Movant claims that he provided trial counsel with a list of potential witnesses whose testimony allegedly would have proved his innocence: Sherry Lake, Larry Spaeks, Ann Barrett, Donna Furnish, Glen Furnish, Brenda Blackstock, Brian Grisby, John Florey, Jamie Blackstock, and Billy Wayne. Movant claims that each of these witnesses would have testified that he was simply a drug user - not a drug seller. However, Movant has not provided any evidence showing that these individuals were available and willing to testify on his behalf. *Alexander*, 775 F.2d at 602; *Gomez v. McKaskle*, 734 F.2d at 1109-10. He has provided no evidence as what their testimony, specifically, would have been had they been called to testify. He also has not shown that the decision not to call them was not trial strategy. Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *Woods*, 870 F.2d at 288; *Schlang*, 691 F.2d at 799. Unsupported assertions are not sufficient to overcome the strong presumption that the decision to not call the witnesses was not a trial strategy. *Alexander*, 775 F.2d at 602; *Murray*, 736 F.2d at 282.

<u>Alleged Failure to Interview Government Witnesses</u>

Movant also claims that he is entitled to relief because trial counsel failed to interview the

Government witnesses. A defendant's claim that trial counsel failed to investigate his case or interview government witnesses cannot be upheld where the allegation is too speculative to overcome the strong presumption of competency and high burden of actual prejudice required to prove ineffective assistance of counsel. *Carter v. Johnson*, 131 F.3d 452, 565 (5th Cir. 1997).

Here, Movant has presented no evidence from the record or otherwise to show that counsel failed to investigate or interview witnesses. The record reflects, however, that there was substantial physical evidence introduced at trial as to the amount of drugs found in his possession as well as the firearms he possessed without the testimony of government witnesses. Movant has not shown deficient performance nor has he shown that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.

Alleged Failure to Object to the PSR

Movant next claims that counsel failed to make any objections to the PSR. He is simply mistaken in his assertion. The record reflects ten objections made by Movant's counsel. Movant has failed to show deficient performance or prejudice. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.

Alleged Failure to File Motions

Movant asserts that his trial counsel was ineffective for failing to file a motion to suppress evidence of his possession of GHB. In analyzing whether counsel is ineffective for failing to file motions, a determination of ineffectiveness "depends on whether a motion or an objection would have been granted or sustained had it been made." *United States v. Oakley*, 827 F.2d 1023, 1025 (5th Cir. 1987).

As an initial matter, the Court notes that Movant presents no evidence that a motion to suppress would have been granted. *Id*. It is well-settled that counsel is not required to file meritless motions. *United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995). This Court will grant federal habeas corpus relief only when the error is so extreme that it constitutes a denial of fundamental fairness under the Due Process Clause. *Skillern v. Estelle,* 720 F.2d 839, 852 (5th Cir. 1983). Furthermore, counsel's failure to file a motion to suppress does not constitute ineffective counsel when there is sufficient evidence independent of things obtained in a search to support the conviction. *United States v. Cortinas*, 142 F.3d 242, 250-51 (5th Cir. 1998).

Additionally, Movant has failed to establish that a reasonable probability existed that the result would have been different had a motion to suppress the GHB evidence been filed. Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *Woods*, 870 F.2d at 288; *Schlang*, 691 F.2d at 799. On the other hand, the record shows that a motion in limine was filed on Movant's behalf and substantial evidence was presented at trial concerning Movant's guilt that was not a result of the search of his home.

Movant also claims that counsel "refused to file a motion to sever his case from that of his co-defendant despite Movant's express request." However, there is no duty to move for severance merely because of potentially exculpatory testimony of a co-defendant exists. *Schwander v. Blackburn*, 750 F.2d 494, 501 (5th Cir. 1985). Defense counsel is not ineffective for failing to move for severance absent proof that a co-defendant's testimony would have had an exculpatory effect. *Id*. Here, Movant presents no evidence showing that his co-defendants would have testified on his behalf or that he suffered any prejudice from being tried with his co-defendants. Movant has failed to allege facts demonstrating that the failure to file the motions rendered the trial as a whole

fundamentally unfair. *Bailey v. Procunier,* 744 F.2d 1166, 169 (5th Cir. 1984). He has also failed to show deficient performance or prejudice. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.

Alleged Refusal to Allow Movant to Testify

Movant claims that his trial counsel was ineffective for not allowing him to testify. A criminal defendant has a constitutional right to testify on his own behalf. *Rock v. Arkansas*, 483 U.S. 44, 49-53, 107 S. Ct. 2704, 2708 -10, 97 L. Ed.2d 37 (1987). However, in the present case, Movant has not shown that he wished to testify and that counsel refused his request. Furthermore, he has not shown that the decision not to call him to testify was not trial strategy. Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *Woods*, 870 F.2d at 288; *Schlang*, 691 F.2d at 799. Additionally, he has not provided evidence of what his testimony would have been had he testified. Unsupported assertions are not sufficient to overcome the strong presumption that the decision to not call the witnesses was not a trial strategy. *Alexander*, 775 F.2d at 602; *Murray*, 736 F.2d at 282. Finally, Movant failed to prove that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. He has shown neither deficient performance nor prejudice.

Alleged Intimidation by Trial Counsel

Movant next asserts that his counsel intimidated him by stating that he was the "only lawyer who could file an appeal and that he did not want to file an appeal." However, he presents no evidence of the alleged intimidation or evidence as to how the outcome of his case would have been different but for the alleged intimidation. Moreover, an appeal was filed on Movant's behalf; thus he is unable to show prejudice. Movant failed to prove that there is a reasonable probability that,

but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.

Alleged Erroneous Advice Not to Cooperate with the "PSI Person"

Movant claims that his counsel incorrectly advised him "not to talk with the PSI person." Again, he has presented no evidence to show that counsel advised him accordingly or how his lack of cooperation with the probation officer drafting the PSR affected the outcome of his case. Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *Woods*, 870 F.2d at 288; *Schlang*, 691 F.2d at 799. Movant failed to prove that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.

Alleged Failure to Challenge Prospective Jurors

Movant asserts that counsel was ineffective because he failed to challenge prospective jurors as to their knowledge of GHB. When an ineffective assistance of counsel claim involves the selection of jurors, the court gives great deference to the trial counsel's strategy because the jury selection inevitably requires experience and intuition of the trial counsel, who must draw upon his or her own insights and empathetic abilities. *See Romero v. Lynaugh*, 884 F.2d 871, 877 (5th Cir. 1989). Movant's claim is, again, conclusory. *Woods*, 870 F.2d at 288; *Schlang*, 691 F.2d at 799. Moreover, Movant has presented no evidence to show that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.

## Prosecutorial Misconduct

Movant's final argument is that he is entitled to relief because the prosecutor engaged in

misconduct. Claims of prosecutorial misconduct are determined on a case by case basis. *Stahl v. State*, 749 S.W.2d 826, 830 (Tex. Crim. App. 1988). Prosecutorial misconduct has been found where the prosecutor's actions deliberately violated an express court order and where the prosecutor's misconduct was "so blatant as to border on being contumacious." *Id*. at 831. It may also be shown where the prosecutor asks a question that is clearly calculated to inflame the minds of the jury and is of such a character as to suggest the impossibility of withdrawing the impression produced. *See Huffman*, 746 S.W.2d 212, 218 (Tex. Crim. App. 1988).

Where improper prosecutorial argument is asserted as a basis for habeas relief, "it is not enough that the prosecutor's remarks were undesirable or even universally condemned.'" *Darden v. Wainwright*, 477 U.S. 168, 181, 106 S. Ct. 2462, 2471, 91 L. Ed.2d 144 (1986). Rather, the relevant question is whether the prosecutor's comments "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Id*. In order to constitute a denial of due process, the acts complained of must be of such character as to necessarily prevent a fair trial. *Jones v. Scott*, 69 F.3d 1255, 1278 (5th Cir. 1995). Moreover, the burden is on the habeas petition to show a reasonable probability that, but for the remarks, the result would have been different.[1] *Id*.

Movant specifically claims that the prosecutor "deliberately tainted the proceedings by eliciting 14 specific references to GHB before the jury, including final argument." He argues that the references to GHB tainted the jury because GHB is a legal substance. However, the prosecutor's references to GHB were acceptable since GHB was one of the controlled substances listed in the

---

[1] Counsel's failure to object to an argument at trial is an indication that it was not perceived as having a substantial adverse effect. *Id*.

Case 4:09-cv-00275-RAS -DDB   Document 12   Filed 08/17/12   Page 10 of 12 PageID #: 83

indictment.[2]  Furthermore, the appellate court found the evidence to be sufficient to convict on both counts. Movant has failed to meet his burden of showing that this alleged prosecutorial misconduct prevented a fair trial. *Id*.

## Conclusion

In each of his ineffective assistance of counsel claims, Movant has failed to show that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. He has also failed to show that the prosecutor's comments "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden*, 477 U.S. at 181, 106 S. Ct. at 2471. Movant's motion should be denied.

## Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Although Movant has not yet filed a notice of appeal, it is respectfully recommended that this Court, nonetheless, address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a [movant] relief is in the best position to determine whether the [movant] has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a movant has made a substantial showing of

---

[2] GHB is both a Schedule I and III controlled substance. 21 U.S.C. §§ 802(X), 841(1)( c).

10

the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1603-04, 146 L. Ed.2d 542 (2000). In cases where a district court rejected constitutional claims on the merits, the movant must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). When a district court denies a motion on procedural grounds without reaching the underlying constitutional claim, a COA should issue when the movant shows, at least, that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

In this case, it is respectfully recommended that reasonable jurists could not debate the denial of Movant's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37, 123 S. Ct. 1029, 1039, 154 L. Ed.2d 931 (2003) (citing *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604). Accordingly, it is respectfully recommended that the Court find that Movant is not entitled to a certificate of appealability as to his claims.

<u>Recommendation</u>

It is accordingly recommended that Movant's motion for relief under 28 U.S.C. § 2255 be denied and the case dismissed with prejudice. It is further recommended that a certificate of appealability be denied.

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations contained in the report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**SIGNED this 13th day of August, 2012.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE